978 F.2d 1260
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel J. PEOPLES, Jr., Defendant-Appellant.
 No. 92-3174.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Daniel J. Peoples, Jr., who pled guilty to violation of 21 U.S.C. § 846, attempt to possess with intent to distribute a Schedule II Controlled Substance, appeals the district court's failure to grant a two-point reduction for a minor role in the offense under U.S.S.G. § 3B1.2(b). We AFFIRM.
 
 
 2
 Section 3B1.2(b) of the Guidelines allows a two-point reduction for a minor participant when that party is "less culpable than most other participants" and "substantially less culpable than the average participant." This determination is heavily dependent upon the facts, and the burden is on the defendant to prove mitigating factors by a preponderance of the evidence. United States v. Perry, 908 F.2d 56, 58 (6th Cir.), cert. denied, 111 S.Ct. 565 (1990). We review the district court's factual findings for clear error, and we accord due deference to the district court's application of the guidelines to the facts. 18 U.S.C. § 3742(e); United States v. Nagi, 947 F.2d 211, 215 (6th Cir.1991); cert. denied, 112 S.Ct. 2309 (1992).
 
 
 3
 On the basis of the presentence report and defendant's objections thereto, the district court found that defendant had supplied $13,000 toward the purchase of a kilo of cocaine, half of the amount ultimately paid for the narcotic. After reviewing the record, we accept this finding of fact as not clearly erroneous. We also find no error in the district court's refusal to grant a downward adjustment based on this finding since the amount of defendant's contribution to the illicit venture negates a characterization that defendant was "substantially less culpable than the average participant." We therefore AFFIRM.